**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES THOMPSON | § | |
| v. | § | |
| TIM SIMMONS, *et al.* | § | CIVIL ACTION No. 9:11CV46 |
| | § | JUDGE RON CLARK |

## ORDER ON RECONSIDERATION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this matter has been presented for consideration. The Report and Recommendation recommends that the complaint be dismissed without prejudice as moot. Plaintiff filed written objections to the Report and Recommendation on April 19, 2013 [Doc. # 18]. A response in opposition to Plaintiff's objections was filed by Defendants on May 6, 2013 [Doc.# 21].

Having made a de novo review of the written objections filed by Plaintiff, the Court finds that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Plaintiff's objections focus on the denial of Plaintiff's request for attorney's fees, arguing Plaintiff is entitled to "prevailing party" status under 42 U.S.C. §1988. The Court holds that Plaintiff is not a

1

prevailing party and, therefore, adopts the findings and conclusions of the Magistrate Judge as those of the Court.

Plaintiff seeks reconsideration of the magistrate judge's order denying Plaintiff's motion for attorney's fees [Doc.# 16]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Appendix B Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A), a district judge may set aside all or part of a magistrate judge's order determining a motion if it is shown that the magistrate judge's order is clearly erroneous or contrary to law.

The Court finds that Plaintiff has not shown that Judge Guthrie's Order denying his Motion for Attorney's Fees is clearly erroneous or contrary to law. Plaintiff has not shown that he is a "prevailing party" as contemplated by 42 U.S.C. § 1988. To be considered the prevailing party, the Supreme Court has held that " 'the touchstone of the prevailing party inquiry...is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in fee statute.' " *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). A material alteration must have the "necessary judicial *imprimatur*" such as an enforceable judgment on the merits or a consent decree. The Supreme Court has explicitly rejected the catalyst theory on the grounds that a defendant's voluntary change in conduct lacks the necessary judicial *imprimatur* to establish prevailing party status. *See Buckhannon Bd. & Care Home, Inc v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 601-05 (2001).

The Fifth Circuit has subsequently held that to obtain prevailing party status under § 1998(b) the plaintiff (1) must win a preliminary injunction, (2) upon an unambiguous indication of probable success on the merits of the plaintiff's claim, (3) that causes the defendant to moot the action. *Dearmore*, 519 F.3d 517, 521 (5th Cir. 2008). As a result, where a lawsuit was the catalyst for a voluntary change in defendant's behavior without a judicially sanctioned change in the legal

2

relationship, a 42 U.S.C. §1988(b) plaintiff is not entitled to recover his litigation costs. *Withrow v. Miller*, 348 F. App'x 946, 949 (5th Cir. 2009). As there has been no judicially sanctioned change in the legal relationship between Defendant and Plaintiff, specifically no preliminary injunction based on an unambiguous indication of probable success on the merits of Plaintiff's claim, Plaintiff is not a "prevailing party" under 42 U.S.C. § 1988.

In light of the foregoing, it is

**ORDERED** that the complaint is **DISMISSED** without prejudice as moot. It is further

**ORDERED** that Plaintiff's Objection to Magistrate's Finding and Recommendation Regarding Attorney's Fees [Doc. #18] is **OVERRULED** and his motion for reconsideration of the April 5, 2013 Order is **DENIED**. It is finally

**ORDERED** that any motion not previously ruled on is **DENIED.**

So **ORDERED** and **SIGNED** on June  19 , 2013.

_____
Ron Clark, United States District Judge